(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
Western District of New York

Case No. __25 CV 152-A__
(to be filled in by the Clerk's Office)

Jerome C. Crosby
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

County of Erie and Department of Corrections Community ~~Service~~ Supervision
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

JURY TRIAL: Yes ✓ No___

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Jerome C. Crosby
   All other names by which you have been known:
   ID Number: DIN 14B3300/Reg. 17109055
   Current Institution: Loretto Federal Correctional Institution
   Address: P.O. Box 1000
   Cresson, PA 16630
   City / State / Zip Code

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: County of Erie
   Job or Title (if known):
   Shield Number:
   Employer:
   Address: 92 Franklin St. (Erie County Hall)
   Buffalo, N.Y. 14202
   City / State / Zip Code
   [ ] Individual capacity   [X] Official capacity

   Defendant No. 2
   Name: State of New York Department of Corrections and Community Supervision
   Job or Title (if known):
   Shield Number:
   Employer:
   Address: The Harriman State Campus - Building #4
   Albany, N.Y. 12226-2050
   City / State / Zip Code
   [ ] Individual capacity   [X] Official capacity

Defendant No. 3
  Name
  Job or Title *(if known)*
  Shield Number
  Employer
  Address

  _____ _____ _____
  City                State               Zip Code

  [ ] Individual capacity    [ ] Official capacity

Defendant No. 4
  Name
  Job or Title *(if known)*
  Shield Number
  Employer
  Address

  _____ _____ _____
  City                State               Zip Code

  [ ] Individual capacity    [ ] Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*Federal constitutional Liberty interest*

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☒ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

The claim arose in state Department of Corrections, I did not know of this until 12-31-24. See attachments

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

*I did not find about the violation until 12-31-24*

D. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

*The State not apply the court ordered concurrency*

V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*The pain and suffering of knowing I could be home sooner treggered a P.T.S.D episode*

VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*I am requesting money damages for each day and $200 000 for pain and suffering.*

VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_N.Y.S. Department of Corrections_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

_I did not know it until I left State custody_

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   _____

01/19/2024

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

    F.    If you did not file a grievance:

        1.  If there are any reasons why you did not file a grievance, state them here:

I did not know I had to fact check behind the State, the State knew I had just been sentenced in the district court and ordered concurrency.

        2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N-A

    G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N-A

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit
      Plaintiff(s) _____
      Defendant(s) _____

   2. Court *(if federal court, name the district; if state court, name the county and State)*
      _____

   3. Docket or index number
      _____

   4. Name of Judge assigned to your case
      _____

   5. Approximate date of filing lawsuit
      _____

   6. Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition. _____

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

01/19/2024

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2-5-25

Signature of Plaintiff: Jerome C. Crosby
Printed Name of Plaintiff: Jerome C. Crosby
Prison Identification #: 17109055
Prison Address: Federal Correctional Institution - Loretto, P.O. Box 1000
Cresson,  Pa  16630
City  State  Zip Code

B. **For Attorneys**

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City  State  Zip Code

Telephone Number
E-mail Address




Attachments (4 pgs)

TRULINCS 17109055 - CROSBY, JEROME C - Unit: LOR-N-A

---

FROM: 17109055
TO: Crosby, Rose
SUBJECT: 1983-2
DATE: 02/03/2025 12:07:47 PM

On October 27, 2014, I was sentenced in both federal and state courts. The state Judge sentenced me concurrently to the already imposed federal sentence. In calculating my federal out date, I realized the date didn't add up correctly. I mediately requested a copy of both my state (received 12-31-24) and federal (received 11-27-24) time computation information (see attachments). After reviewing the information I discovered the state never imposed the court ordered concurrency for the 59 days I spent in federal detention from 7-29-08 to 9-25-08, as a result I now have to spend an additional 59 days in custody. Time computation from state only reflects the time in county jail before arriving at a state facility (12 days) not including the 59 days in federal detention.



**KATHY HOCHUL**
Governor

**DANIEL F. MARTUSCELLO III**
Commissioner

December 31, 2024

Jerome Crosby  (17109055)
FCI Loretto
P.O. Box 1000
Cresson, PA  16630-1007

RE:   FOIL Log No.  24-09-161

Dear J Crosby:

This is in response to your letter requesting records under the New York State Freedom of Information Law.

We have received your $6.00 covering the fee for the enclosed material.

Sincerely,

*Records Access Officer*

FOIL Office

/rao:19

The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

```
*****************************************************************
FOLDER COPY  NYS Dept. of Corrections and Community Supervision  Date: 10/11/21
FORM 9026              Parole Board Release Decision Notice

   Name:            CROSBY,JEROME
   DIN:             14B3300
   Nysid:           03708704R
   Facility:        ULSTER
   Interview Date:  10/05/2021
   Interview Type:  MERIT CRC

   ME Date:   10/23/2024
   CR Date:   05/17/2023
   Prev Hold:

                                                         MIN SENT     MAX SENT
        CONTROLLING CONVICTION(s)           FLCL         (YY-MM)      (YY-MM)
        CPCS-2                               A           00-00        10-00




   Sentencing Counties:      ERIE
   Jail Time in Days:        0012




                                                    Transit Case:  NO
```

```
LORBB   540*23  *              SENTENCE MONITORING         *    11-27-2024
PAGE 002        *              COMPUTATION DATA            *    07:56:50
                                AS OF 11-27-2024

REGNO..: 17109-055 NAME: CROSBY, JEROME C


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-01-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-01-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 12-10-2021
TOTAL TERM IN EFFECT............:    77 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS       5 MONTHS
EARLIEST DATE OF OFFENSE........: 07-29-2008

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    07-29-2008     09-25-2008

TOTAL PRIOR CREDIT TIME.........: 59
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 346
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 03-31-2027
ELDERLY OFFENDER TWO THIRDS DATE: 01-21-2026
EXPIRATION FULL TERM DATE.......: 03-11-2028
TIME SERVED.....................:     3 YEARS      1 MONTHS      16 DAYS
PERCENTAGE OF FULL TERM SERVED..:  48.7
PERCENT OF STATUTORY TERM SERVED:  57.2

PROJECTED SATISFACTION DATE.....: 03-31-2026
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: EOS 12-10-21 R/KNM.




G0002         MORE PAGES TO FOLLOW . . .
```